UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No.: 3:14-cv-01226[VLB] |
| | : | |
| $23,940.00 IN UNITED STATES CURRENCY, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| [CLAIMANT: KIERRON STANLEY] | : | September 22, 2014 |

## MOTION TO STRIKE CLAIM FOR FAILURE TO COMPLY WITH SUPPLEMENTAL RULE G(5)

The United States of America ("Plaintiff"), acting herein by its counsel, hereby moves, pursuant to Supplemental Rule G (8)(c)(1)(A) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules") to strike the claim filed by Leo A. Ahern, Esq., counsel for the Claimant Kierron Stanley ("Claimant").  In support of this Motion, the Plaintiff states as follows:

PROCEDURAL HISTORY

This is an *in rem* forfeiture action against $23,940.00 in United States Currency ("Defendant Currency") that was seized by the Connecticut State Police ("CSP") from a vehicle being driven by the Claimant on or about December 18, 2013.  The Plaintiff's Verified Complaint of Forfeiture alleges that the Defendant Currency is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) because, *inter alia*, it constituted money derived from proceeds traceable to any listed

1

violation of law or any offense constituting "specified unlawful activity," or a conspiracy to commit such offense, and pursuant to 21 U.S.C. § 881(a)(6), which provides for the forfeiture of proceeds traceable to the exchange of controlled substances in violation of the Controlled Substances Act, 21 U.S.C. § 881 et seq. See, Verified Complaint at Par. 1 (Document #1).

FACTS

According to the Declaration of Special Agent Brendan Lundt of the Department of Homeland Security Investigations ("DHSI"), incorporated in the Verified Complaint, the Defendant Currency was discovered on December 18, 2013 by the Connecticut State Police during a traffic stop initiated because the vehicle was found to have an expired registration.

During the course of interviewing the Claimant, CSP discovered that the Defendant Currency was located inside a plastic bag located on the passenger seat of the vehicle.  After receiving Claimant's consent to a search of the vehicle, CSP discovered the following items, identified in the CSP Investigation Report as follows: One (1) box of plastic "Tilla Food Saver" heat sealed rolls; One (1) heat-sealed bag containing 4.5 grams of marijuana; and six (6) prepaid cellular telephones.

The CSP performed a background search of the Claimant's prior criminal history and discovered that the Claimant is a convicted felon who has nine (9) prior arrests from 1993 through 2004.

The DHSI took custody of the Defendant Currency on December 30, 2013 for purposes of initiation of forfeiture proceedings.

FORFEITURE PROCEEDINGS

On January 24, 2014, the Customs and Border Protection Fines, Penalties and Forfeitures Officer ("FPFO")[1] timely issued a notice of seizure to the Claimant, identifying the Defendant Currency as the seized item and citing the statutes under which the Defendant Currency would be forfeited, as well as the procedures to be followed if the Claimant wished to file an administrative claim as to the Defendant Currency.

On February 26, 2014, by and through Claimant's counsel, Leo A. Ahern, an administrative petition was timely filed.  The petition included documentation attempting to account for legitimate sources of the Defendant Currency, including tax returns for the years 2010 through 2012, a communication from claimant's employer, and documentation showing two monthly mortgage payments in amounts of $1,540.85 and $1,103.36.

On March 4, 2014, the FPFO forwarded the Claimant's petition to DHSI for review.  Based upon the DHSI's review of Claimant's petition, the petition was denied.  Notice of denial of the Claimant's petition was issued to the Claimant on May 21, 2014, noting that the documentation supplied to the FPFO was not sufficient to support Claimant's assertion of legitimate sources for the Defendant Currency.  Further, the DHSI found that, due to the items discovered in the vehicle along with the Defendant Currency, combined with Claimant's inability to answer routine questions regarding the Defendant Currency (the source of the

---

[1] The Customs and Border Protection Fines, Penalties and Forfeitures Officer processes all seizures made or adopted by Immigration and Customs Enforcement and Homeland Security Investigations.

funds, his business partner, or the owner of the vehicle he was driving), the Defendant Currency was likely narcotics proceeds and thus subject to forfeiture.

On May 27, 2014, the Claimant timely filed a Civil Asset Forfeiture Reform Act ("CAFRA") claim, requesting that the matter be referred for civil judicial forfeiture proceedings.  The matter was then forwarded to the United States Attorney's Office for filing of this action, which occurred on August 25, 2014.

On September 10, 2014, Claimant, by and through his counsel, timely filed an Answer to Plaintiff's Verified Complaint of Forfeiture (Document  #9), and a Claim as to the Defendant Currency (Document #11). The claim states that Claimant is the owner of the Defendant Currency, and denies that the Defendant Currency is subject to forfeiture under the statutes asserted by the Plaintiff.  The Claim was signed by Claimant's counsel, and therefore is not verified by the Claimant in violation of Supplemental Rule G (5).

ARGUMENT

1. The Claim must comply with the requirements of Rule G (5)(a).

Pleadings in civil forfeiture actions must be filed in accordance with the Supplemental Rules for Certain Admiralty and Maritime Claims.  *See*, 18 U.S.C. § 983(a)(4) ("any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the [Supplemental Rules]"); United States v. $315,298.52 in U.S. Currency, 2010 WL 1529404, *1 n.5 (D. Md. Apr. 14, 2010) (explaining the interplay of § 983(a)(4) and the Supplemental Rules).  Specifically, the claim must comply with the requirements of Rule G (5)(a). *Id.*

4

If a claim fails to comply with the requirements of Rule G(5), the Government may move to strike it pursuant to Rule G (8)(c)(i)(A) for lack of statutory standing.

If a claim fails to comply with the requirements of Rule G(5), the Government may move to strike it pursuant to  Rule G(8)(c)(i)(A) for lack of statutory standing.  *See* <u>United States v. $12,126.00 in U.S. Currency</u>, 337 Fed. Appx. 818, 820 (11th Cir. 2009) (Noting that the Government may move under Rule G(8)(c) to strike a claim for failure to comply with Rule G(5), and affirming an order striking a claim for lack of statutory standing); <u>U.S. v. Vehicle 2007 Mack 600 Dump Truck</u>, 680 F. Supp. 2d 816, 822-25 (E.D. Mich., 2010) (Granting Rule G(8)(c) motion to strike a claim filed 40 days after the filing deadline in Rule G(5)(a), and holding that to have statutory standing, claimant must "strictly comply" with the rule); <u>United States v. $13,970.00 in U.S. Currency</u>, 2007 WL 1231659 (M. D. Ga. 2007) (holding that statutory standing is a threshold issue, and that a claimant who fails to comply with section 983(a)(4) and Rule G(5) lacks standing).  <u>Cf. Appeal of Torres</u>, 1988 WL 83331 (4th Cir. July 27, 1988) (applying the predecessor to Rule G and holding that until the procedural requirements of the Supplemental Rules are met, the claimant "has no standing to contest the forfeiture").

    2.    Because of the danger of false claims, courts require "strict compliance" with the rule.

Courts generally require "strict compliance" with the pleading requirements in Rule G(5).  As many courts have recognized, there is a

5

substantial danger of false claims in *in rem* actions where the Government files an action against the property, and anyone who has notice of the action can file a claim.  Requiring strict compliance with the pleading requirements minimizes the danger of such claims by forcing the claimants to assert their ownership interest under oath.  For that reason, the pleading requirements are not treated as "mere procedural technicalit[ies]."  United States v. $487,825.00 in U.S. Currency, 484 F. 3d. 662, 664-65 (3d. Cir 2007); See United States v. $12,126.00, 337 Fed. Appx. at 820 ("the district court was entitled to insist upon strict compliance with the procedural requirements set forth in Rule G(5)"); United States v. $39,557.00, More or Less, In U.S. Currency, 683 F. Supp. 2d 335 (D.N.J. Feb. 9, 2010) (holding that the pleading requirements in Rule G(5) must be strictly enforced); United States v. 40 Acres of Real Property, 629 F. Supp. 2d 1264, 1275 (S.D. Ala., 2009). As one district court noted in construing the predecessor to the current rule, "[s]trict conformity, not casual compliance, is the message of the case literature." United States v. $288,914.00 U.S. Currency, 722 F. Supp. 267, 270 (E.D. La 1989).[2]

---

[2] Rule G(5) was enacted on December 1, 2006, replacing Rule C(6) with respect to asset forfeiture cases.  The "strict compliance" standard applied equally to the current rule and its predecessor.  See United States v. $48,000.00 U.S. Currency, 2007 WL 1467158, *3 n.1 (E.D. La. May 8, 2007) (explaining the interplay of the current rule and its predecessor.  Cases applying the "strict compliance" rule include the following: United States v. $23,000.00, 356 F. 3d 157, 163 (1st Cir. 2004) (the filing of a verified claim, as required by Rule C(6),  is not merely a procedural requirement, it forces claimants to assert an ownership interest under oath, creating a deterrent against filing false claims); United States v. Commodity Account Number 54954930 at Saul Stone & Co., 219 F. 3d. 595, 598 (7th Cir. 2000) (strict compliance with Rule C(6)  is "typically required"); United States v. $31,852.38 in U.S. Currency, 183 Fed. Appx. 237, 240 (3d. Cir. 2006) (the filing of a verified statement…is no mere procedural technicality.  The timing requirements of Rule C(6) permit courts to hear all interested parties and resolve the dispute without delay," and "the statement of interest must be verified to minimize the danger of false claims."); United States v. $5,370.00 in U.S. Currency, 109 Fed.

CONCLUSION

Wherefore, for the facts and reasons set forth above, Plaintiff United States of America respectfully requests that the Court enter an Order striking Claimant Kierron Stanley's Claim of ownership regarding the Defendant Currency for his failure to comply with the pleading requirements in Supplemental Rule G(5).

Respectfully submitted,

DIERDRE M. DALY
UNITED STATES ATTORNEY


_____/s/ John B. Hughes_____
JOHN B. HUGHES (ct 05289)
ASSISTANT UNITED STATES ATTORNEY
CHIEF OF THE CIVIL DIVISION


_____/s/ Vanessa Roberts Avery_____
VANESSA ROBERTS AVERY (ct 21000)
ASSSISTANT UNITED STATES ATTORNEY
157 CHURCH STREET, 25TH FLOOR
NEW HAVEN, CT 06510
T: (203) 821-3700
F: (203) 773-5373
vanessa.avery@usdoj.gov

---

Appx. 712, 714 (6th Cir. 2004) (strict compliance with Rule C(6) is typically required); U.S. v. One Parcel of Real Property at Route 2, 46 F. Supp. 2d 572, 581, 583 (S.D. Miss. 1998) (courts enforce pleading requirements strictly) (citing cases); United States v. 2930 Greenleaf Street, 920 F. Supp. 639, 643 (E.D. Pa. 1996) ("It is not an abuse of discretion for the district court to require strict compliance with Supplemental Rule C(6)"), quoting United States v. Lot 65 Pine Meadow, 976 F.2d. 1155, 1157 (8th. Cir. 1992).

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2014, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/ John B. Hughes
JOHN B. HUGHES

8