F. JAMES SENSENBRENNER, JR.
FIFTH DISTRICT, WISCONSIN

COMMITTEE ON THE JUDICIARY

SUBCOMMITTEE ON
CRIME, TERRORISM, AND
HOMELAND SECURITY
CHAIRMAN

COMMITTEE ON SCIENCE, SPACE,
AND TECHNOLOGY
VICE-CHAIRMAN

WASHINGTON OFFICE:
ROOM 2449
RAYBURN HOUSE OFFICE BUILDING
WASHINGTON, DC 20515-4905
202-225-5101

DISTRICT OFFICE:
120 BISHOPS WAY, ROOM 154
BROOKFIELD, WI 53005-6294
262-784-1111

OUTSIDE MILWAUKEE METRO
CALLING AREA:
1-800-242-1119

WEBSITE:
HTTP://SENSENBRENNER.HOUSE.GOV



# Congress of the United States
## House of Representatives
### Washington, DC 20515-4905

October 24, 2014

The Honorable Eric Holder
Attorney General
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, D.C. 20530

Dear Attorney General Holder:

      Federal adoption occurs when a federal agency adopts a seizure from a state or local law enforcement agency and proceeds with federal forfeiture. Numerous Department of Justice (DOJ or Department) entities are authorized to adopt state and local seizures. Under the Department's Equitable Sharing Program, DOJ will share up to 80 percent of forfeited funds with the seizing agency.

      Federal adoptions have grown exponentially in recent years. From 2001 to 2013, state and local law enforcement made nearly 62,000 cash seizures without a warrant or criminal indictment through the Equitable Sharing Program.[1] State and local authorities have received over $1.7 billion from these seizures while federal agencies have kept $800 million.[2]

      The Equitable Sharing Program is frequently criticized because it allows state and local police to ignore restrictions on civil asset forfeiture in their home states. In some cases, it gives them a direct financial incentive to do so. A 2011 study published in the *Journal of Criminal Justice* found that local and state police are in fact more likely to rely on the federal Equitable Sharing Program if they work in a state where civil forfeiture is more difficult or less rewarding.[3] The disturbing conclusion is that local agency's rely on the Equitable Sharing Program to circumvent state law.

      The implications on civil liberties are dire. The right to own property is a fundamental right implicitly recognized in the Fourth, Fifth and Fourteenth Amendments. I also believe that it is a human right.

---

[1] Michael Sallah, Robert O'Harrow Jr., Steven Rich, *Stop and Seize*, (September 06, 2014), *available at*, http://www.washingtonpost.com/sf/investigative/2014/09/06/stop-and-seize/.

[2] *Id.*

[3] Holcomb, J.E., Kovandzic, T.V., & Bullock, S., *Civil Asset Forfeiture, Equitable Sharing, and Policing or Profit in the United States*, 39 J. of Crim. Just. 273 (2011).

Daniel Webster warned that "[g]ood intentions will be pleaded for every assumption of power." With federal adoption, the federal government gives DOJ's imprimatur to state cases and then shares proceeds of the forfeiture with the very law enforcement agency that seized the property. The conflict of interest for these state and local agencies is so stark, over a right so critical, that it screams for protections and redundancies of protections against abuse. It is therefore critical that the Department maintain clear standards regarding how its entities weigh and ultimately adopt state and local cases.

To help further understanding of the Department's policies regarding federal adoption, please respond to the following questions by November 14, 2014.

- Please describe the federal adoption process from the time a state applies for adoption through a final decision.
- What percentage of state requests are ultimately adopted? What is the breakdown of adoptions among the Department's law enforcement entities?
- To apply for federal adoption, a state or local agency must fill out *Form Dag-71*. The form requires an "immediate probable cause review" if certain specified conditions are not met.[4] What does this review involve? Is the review always conducted prior to adoption when the specified conditions are not met?
- Seizures must be based on probable cause. What evidence does the Department require to ensure that the standard of proof has been met prior to adopting a seizure?
- Does a federal adoption represent a DOJ determination that there was probable cause to support the state or local seizure?
- What officials are authorized to approve a request for adoption?

With your response, please provide 25 samples of closed DEA and ATF case files. Please ensure that the files contain all the documents originally contained therein. Thank you for your prompt attention to this important issue. If you have any questions, please contact Amy Bos or Bart Forsyth in my office at (202) 225-5101.

Sincerely,

F. James Sensenbrenner Jr.
Chairman, Subcommittee on Crime, Terrorism, Homeland Security, and Investigations

---

[4] These conditions are: (1) the seizure is based on a judicial warrant; (2) an arrest was made in connection with the seizure; and (3) drugs or other contraband were seized from the person from whom the property was seized.



# Office of the Attorney General
## Washington, D. C. 20530

ORDER NO.

## PROHIBITION ON CERTAIN FEDERAL ADOPTIONS OF SEIZURES BY STATE AND LOCAL LAW ENFORCEMENT AGENCIES

By virtue of the authority vested in me as Attorney General, including 28 U.S.C. §§ 509 and 510, 18 U.S.C. §§ 981 and 982, and the other civil and criminal forfeiture statutes enforced or administered by the Department of Justice, I hereby direct that the following policy be followed by all Department of Justice attorneys and components, and all participants in the Department of Justice Asset Forfeiture Program concerning the federal adoption of property seized by state or local law enforcement under state law in order for the property to be forfeited under federal law ("federal adoption"):

Federal adoption of property seized by state or local law enforcement under state law is prohibited, except for property that directly relates to public safety concerns, including firearms, ammunition, explosives, and property associated with child pornography. To the extent that seizures of property other than these four specified categories of property are being considered for federal adoption under this public safety exception, such seizures may not be adopted without the approval of the Assistant Attorney General for the Criminal Division. The prohibition on federal adoption includes, but is not limited to, seizures by state or local law enforcement of vehicles, valuables, and cash, which is defined as currency and currency equivalents, such as postal money orders, personal and cashier's checks, stored value cards, certificates of deposit, travelers checks, and U.S. savings bonds.

This order does not apply to (1) seizures by state and local authorities working together with federal authorities in a joint task force; (2) seizures by state and local authorities that are the result of joint federal-state investigations or that are coordinated with federal authorities as part of ongoing federal investigations; or (3) seizures pursuant to federal seizure warrants, obtained from federal courts to take custody of assets originally seized under state law. This Order also does not affect the ability of state and local agencies to pursue the forfeiture of assets pursuant to their respective state laws.

This order is effective January 16, 2015, and applies prospectively to all federal adoptions. To the extent that prior Department of Justice orders, directives, and policies are inconsistent with this Order, those orders, directives, and policies are superseded.

January 16, 2015
Date

Eric H. Holder, Jr.
Attorney General