UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 3:14-cv-1226 (VLB) |
| | : | |
| $23,940.00 IN UNITED STATES CURRENCY, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| [CLAIMANT: KIERRON STANLEY] | : | June 16, 2015 |

REPLY MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Claimant's Objection [Doc. # 17] does not preclude the entry of summary judgment in favor of the United States of America.  Admitting that he failed to respond to *Plaintiff's First Set of Requests for Admission* dated January 22, 2015 [*see Claimant's Motion to Amend* - Doc. # 18], Claimant must satisfy the Court that there is a sufficient basis to allow him to withdraw and amend his admissions which are otherwise conclusively established pursuant to Rule 36(b). Claimant offers little to persuade the Court.  On the other hand, the potential prejudice to Plaintiff as a result of Claimant's inaction, even after being notified of his failure to respond to the requests, is clear.

Consequently, summary judgment should enter.[1]

---

[1]   This reply memorandum is directed to both Claimant's Objection [Doc. # 17] and his Motion to Amend [Doc. # 18].

Case 3:14-cv-01226-VLB   Document 20   Filed 06/16/15   Page 2 of 6

I.      ARGUMENT

      A.  The 2015 Policy Directive On Adopted Forfeitures Is Inapplicable Here.

Claimant has failed to cite any governing authority in his brief.  Instead, he relies exclusively on a policy directive from Attorney General Eric H. Holder, Jr. dated January 16, 2015, concerning federal adoptions of seizures by state and local law enforcement agencies.[2]  As Claimant concedes, that directive does not apply retroactively.  It was made effective January 16, 2015 and expressly applies only prospectively.

Accordingly, the directive does not provide Claimant with a basis for relief here.  It is inapplicable to a seizure that occurred in December 2013 and has been the subject of pending litigation since August 2014.  Unless the Court finds a basis to grant Claimant's request for relief from the operation of Rule 36(b), Plaintiff's motion for summary judgment must be granted.

      B.  Plaintiff Could Be Prejudiced If Claimant Were Excused From His Admissions Without Being Required to Submit to Additional Discovery.

Although Plaintiff pointed out his failure to respond on April 7, 2015, Claimant waited until after Plaintiff's motion for summary judgment was filed on May 12, 2015 to move to withdraw and amend his admissions.  In his motion [Doc. # 18], he has made no effort to explain this delay.  Indeed, his sole basis for the motion is an argument that Plaintiff is not prejudiced because Claimant made inconsistent claims verbally, in pleadings and in interrogatories.  Further, in his

---

[2]  Claimant's attorney describes his interpretation of the 2015 policy directive, at length, without any citation to an affidavit or declaration.  Plaintiff objects to this description, in form and substance, to the extent that it is inconsistent with the actual policy or related facts.  For purposes of this motion, however, those inconsistencies are immaterial.

2

Objection [Doc. # 17], Claimant offers little more in his defense than a conclusory statement that "the ends of justice will be frustrated in this matter" if he were not allowed to withdraw and amend his admissions. *Objection* at 6.

The "decision to excuse the defendant from its admissions is in the court's discretion." *Donovan v. Carls Drug Co., Inc.*, 703 F.2d 650, 651–52 (2d Cir.1983), rejected on other grounds by *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133–34 (1988); *see also Moosman v. Joseph P. Blitz, Inc.*, 358 F.2d 686, 688 (2d Cir.1966)("By operation of Rule 36(b) such an admission is conclusive unless the court in its discretion relieves the party of the admission."). "Upon [a] motion [under Rule 36(b)], the Court may amend or withdraw an admission when (1) 'it would promote the presentation of the merits of the action' and (2) 'if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.'" *Broad Music, Inc. v. Hub at Cobb's Mill, LLC*, No. 3:13-CV-01237 (VLB), 2015 WL 1525936, at *5 (D. Conn. Apr. 2, 2015)(citation omitted). However, "the court is not required to make an exception to Rule 36 even if both the merits and the prejudice issue cut in favor of the party seeking exception to the rule." *Id.* (citing *Donovan*, 703 F.2d at 652).

"Unless the party securing an admission can depend on its binding effect, he cannot safely avoid the expense of preparing to prove the very matters on which he has secured the admission, and the purpose of the rule is defeated." Fed. R. Civ. P. 36, *Notes of Advisory Committee on Rules – 1970 Amendment* (citing Field & McKusick, *Maine Civil Practice* §36.4 (1959); Finman, *The Request for Admissions in Federal Civil Procedure*, 71 Yale L.J. 371, 418–426 (1962);

Comment, 56 Nw.U.L.Rev. 679, 682–683 (1961)).  The provision governing this request emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice.  *Cf. Moosman, supra*, 358 F.2d at 686.

In light of the record presented here, Claimant's motion should be denied and his objection to summary judgment should be overruled.  More than three months passed without Claimant taking any steps to answer Plaintiff's Rule 36 requests for admissions.  Even after Plaintiff advised Claimant of his failure to respond, Claimant waited almost two months before taking any action to address his admissions.  Even then, it was only in response to Plaintiff's motion for summary judgment that Claimant took action.  Plaintiff was entitled to rely on Claimant's admissions in preparation for trial, especially in these circumstances.[3]

---

[3]   Should the Court, nonetheless, be inclined to relieve Claimant of his admissions, Plaintiff respectfully requests that Claimant be ordered to appear for his deposition on a date certain within thirty (30) days of said order.

II.     **CONCLUSION**

For the foregoing reasons and those stated in Plaintiff's original memorandum of law, Plaintiff is entitled to summary judgment declaring the Defendant Currency to be condemned and forfeited to the United States of America for disposition according to the law.

Respectfully submitted,

PLAINTIFF,
UNITED STATES OF AMERICA

DEIRDRE M. DALY,
UNITED STATES ATTORNEY

JOHN B. HUGHES (ct05289)
ASSISTANT U.S. ATTORNEY
CHIEF OF THE CIVIL DIVISION

By:     /s/ Vanessa Roberts Avery

Vanessa Roberts Avery (ct21000)
Assistant United States Attorney
157 Church Street, 25th Floor
New Haven, Connecticut 06510
Tel:    (203) 821-3700
Fax:    (203) 773-5373
Email:vanessa.avery@usdoj.gov

## CERTIFICATION

I hereby certify that on June 16, 2015, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by electronic mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated in the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.


        /s/ Vanessa Roberts Avery
        Vanessa Roberts Avery (ct21000)
        Assistant United States Attorney