UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:14-CV-01226 (VLB) |
| | : | |
| v. | : | |
| | : | |
| **$23,940.00** | : | |
| **IN UNITED STATES CURRENCY,** | : | November 18, 2015 |
| Defendant Currency | : | |
| | : | |
| and | : | |
| | : | |
| **KIERRON STANLEY,** | : | |
| Claimant. | : | |

**ORDER GRANTING CLAIMANT'S MOTION TO AMEND ANSWER TO PLAINTIFF'S REQUEST TO ADMIT PURSUANT TO RULE 36 [Dkt. 18]**

I.   **Factual Background**

Before the Court is this civil action *in rem* brought to enforce the provisions of 18 U.S.C. § 981(a)(1)(C), which provides for the forfeiture of property which constitutes or is derived from proceeds traceable to any listed violation of law or any offense constituting specified unlawful activity, and 21 U.S.C. § 881(a)(6), which provides for the forfeiture of proceeds traceable to the exchange of controlled substances in violation of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.* By Verified Complaint of Forfeiture filed on August 25, 2014, the United States ("Plaintiff") alleges that on December 9, 2013, Connecticut State Police stopped a blue Honda Accord for an expired registration. [Dkt. 1 at ¶ 6.] Claimant Kierron Stanley ("Claimant"), who was operating the vehicle at the time of the traffic stop, indicated that the car belonged to his brother's mother-in-law.

[*Id.* at ¶¶ 6–7.]  In response to further questioning, Claimant also indicated that he had approximately $23,000.00 in cash in the vehicle from proceeds of his predominately cash business, "Best Offer."  [*Id.* at ¶ 8.]  Claimant maintained that he was planning a trip to New York to purchase inventory for his business and that the source of the funds was a co-owner of his business.  [*Id.* at ¶ 9.]  Claimant then consented to a search of the vehicle, which uncovered a) stacks of U.S. currency totaling $23,940.00 ("Defendant Currency"), b) one box of "Tilla Food Saver" heat-sealed rolls, c) a heat-sealed bag containing approximately 4.5 grams of marijuana, and d) six prepaid cellular telephones.  [*Id.* at ¶ 10.]  The Defendant Currency was subsequently seized for initiation of the instant forfeiture proceedings.  [*Id.* at ¶ 12.]

According to Plaintiff, on October 16, 2014, Plaintiff served its First Set of Interrogatories and Requests for Production on Claimant, to which Claimant provided his initial responses on December 2, 2014 and his document production and signed releases on February 6, 2015.  [Dkt. 16 at 6.]  On January 22, 2015, Plaintiff also served its First Set of Requests for Admission on Claimant ("Requests for Admission").  [*Id.*]  However, Claimant failed to respond, and on May 12, 2015, Plaintiff moved for summary judgment on the basis that Claimant's failure to respond to the Requests for Admission rendered the matters stated therein admitted pursuant to Federal Rule of Civil Procedure 36(b).  [Dkt. 16.]

Claimant has now moved for leave to amend his responses to the Requests for Admission and seeks to deny that: 1) the food saver rolls and cell phones found in the car were to facilitate the distribution and sale of narcotics (Request #

12); 2) that Claimant possessed the Defendant Currency seized to facilitate the purchase of narcotics (Request # 13); and 3) that the Defendant Currency was the proceeds from the sale of narcotics or controlled substances (Request # 14). [Dkt. 18.]  For the reasons below, Claimant's Motion to Amend/Correct his responses to the Requests for Admission is GRANTED and Plaintiff's Motion for Summary Judgment based on those responses is DENIED as moot.

II.   Standard of Review

Federal Rule of Civil Procedure 36 permits a party to request certain admissions from other parties. *See* Fed. R. Civ. P. 36.  In keeping with its purpose, Rule 36(a) provides that requests which are neither objected to nor answered shall be deemed admitted. *Id.* at 36(a)(3).  By operation of Rule 36(b), such an admission is conclusive unless the court relieves the party of the admission.  *Moosman v. Joseph P. Blitz, Inc.*, 358 F.2d 686, 688 (2d Cir. 1966).  As the Government correctly notes, the "decision to excuse the defendant from its admissions is in the court's discretion." *Donovan v. Carls Drug Co., Inc.*, 703 F.2d 650, 651–52 (2d Cir. 1983), *rejected on other grounds by McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133–34 (1988). "Upon [a] motion [under Rule 36(b)], the Court may amend or withdraw an admission when (1) 'it would promote the presentation of the merits of the action' and (2) 'if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.'" *Broad Music, Inc. v. Hub at Cobb's Mill, LLC*, No. 3:13-CV-01237 (VLB), 2015 WL 1525936, at *5 (D. Conn. Apr. 2, 2015) (citation omitted).

A party's loss of the "right to contest a matter on the merits is not to be treated lightly." *O'Bryant v. Allstate Ins. Co.*, 107 F.R.D. 45, 48 (D.Conn. 1985). In exercising its discretion the court should strive to balance the equities, and where the party relying on the admission would not be prejudiced, thereby strive to resolve the issue on the merits.

III.   Discussion

The Government has not established that it will be prejudiced in its ability to maintain or defend this action on the merits if Claimant is permitted to withdraw his admissions. "The prejudice contemplated by Rule 36(b) ... is not simply that the party who obtained the admission now has to convince the trier of fact of its truth . . . . [but] relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." *River Light V, L.P. v. Lin & J Intern., Inc.*, 299 F.R.D. 61, 63–64 (S.D.N.Y. 2014) (internal brackets and citations omitted); *see also Vandever v. Murphy*, 3:09CV1752 AWT, 2012 WL 5507257, at *2 (D. Conn. Nov. 14, 2012). Here, the Government does not claim that it faces any special difficulties and given the facts, the court cannot conceive of any. It is clear that the Government has always known that Claimant disputed the source and purpose of the Defendant Currency: specifically, in its pleadings the Government alleges that since the day the Defendant Currency was seized, Claimant has consistently contended that those funds were legitimate business proceeds or capital, and not the proceeds of drug sales. The Government cannot thus be surprised by Claimant's denials to

those Requests for Admissions.  Nor does the Government suggest facts supporting its argument that it will be prejudiced by the untimeliness of Claimant's denials. The only fact cited by the Government in opposition to Claimant's Motion to Amend/Correct is the length of time the Claimant took to withdraw his admissions. This is insufficient to establish that the Claimant's delayed formal denial, which is consistent with Claimant's prior consistent assertions, is prejudicial.

      The facts of this case militate in favor of allowing Claimant to withdraw his admissions. The Government knew that the Claimant has consistently denied, and therefore was likely to continue to deny, the assertions contained in the interrogatories, and therefore the requests for admissions were little more than a deadline trap for the unobservant claimant.  The Court will not inequitably deprive the claimant of the right to a resolution of his claim on the merits on the basis of such a technicality.

### IV. <u>Conclusion</u>

      Accordingly, the Court grants Claimant's Motion to Amend/Correct and will permit him to withdraw his admissions and deny the requests to admit in conformity with Claimant's earlier claims.  Plaintiff's Motion for Summary Judgment based on Claimant's prior admissions is therefore denied as moot, without prejudice to refiling based on Claimant's amended responses to the Requests for Admission.  The parties are directed to proceed with preparation for

a hearing on the merits and to inform the Court of the date by which they will be prepared for a hearing to resolve their competing claims.

                                            IT IS SO ORDERED.

                                        _____/s/_____
                                        Hon. Vanessa L. Bryant
                                        United States District Judge

Dated at Hartford, Connecticut: November 18, 2015